UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-500-GWU

JAMIE SLAVEN, PLAINTIFF,

VS.　　　　　　　　　　**MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Jamie Slaven brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

06-500 Slaven

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Slaven, a 19 year-old woman with a high school education and no past relevant work history, suffered from impairments related to mild mental retardation. (Tr. 16, 19). Despite the plaintiff's impairment, the ALJ determined that she retained the residual functional capacity to perform essentially the full range of work at all exertional levels. (Tr. 22). Based upon application of Rule 204.00 and Social Security Ruling (SSR) 85-15, the ALJ determined that the claimant could still perform a significant number of jobs and, so, could not be considered totally disabled. (Tr. 21-22).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

06-500 Slaven

Slaven argues that the ALJ erred in concluding that she did not meet the requirements of Section 12.05C of the Listing of Impairments concerning mental impairments. This Listing requires a claimant to produce:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;

20 C.F.R., Part 404, Subpart P, App. 1, Section 12.05C. The regulations further provide that: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., Part 404, Subpart P, App. 1, Section 12.05. Thus, to satisfy the requirements of Section 12.05C, a claimant must demonstrate an IQ in the appropriate range which was manifested in the developmental period as well as another mental or physical impairment.

In the present case, intelligence testing administered by Psychologist Gary Maryman produced a Performance IQ score of 68, a Verbal IQ score of 72 and a Full Scale IQ score of 67.[1] (Tr. 349). Maryman considered these scores to be valid and diagnosed mild mental retardation. (Tr. 349-350). The Court notes that Slaven

---

[1] In cases where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05. 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.00D(6)(c).

8

was found to have been disabled based upon mild mental retardation for the purposes of Childhood SSI and, so, clearly meets the requirement of showing onset during the developmental period. Furthermore, the defendant concedes that the evidence supports a finding that those portions of 12.05C relating to mild mental retardation have been met by the plaintiff. The only dispute between the parties concerns the issue of whether another mental or physical impairment imposing significant limitations has been met.

Slaven asserted during the administrative hearing that she suffers from problems concerning allergies, diabetes, panic attacks, stomach problems and obesity and argues that any one of these could provide the additional impairment to meet 12.05C. The ALJ cited a number of reasons why the plaintiff's problems concerning allergies, panic attacks, diabetes, and stomach problems would not be considered "severe" impairments. (Tr. 16-19). However, the ALJ failed to explain the reasons why obesity was not considered a "severe" impairment.

Dr. John Patton, a treating physician, diagnosed obesity. (Tr. 478-479, 484). Dr. Patton indicated that the plaintiff's body mass index (BMI) was 40. (Tr. 484). SSR 02-1p recognizes that a BMI of 40 or more constitutes "extreme" obesity. SSR 02-1p, pp. 2-3. The ruling notes that such a BMI does not correlate with any specific degree of functional loss. SSR 02-1p, p. 5. However, the ruling requires an ALJ to specifically evaluate the condition and explain the reasons why obesity

06-500 Slaven

is or is not found to be a "severe" impairment. SSR 02-1p, p. 7. In the present action, the ALJ did not comply with this procedure. In a recent unpublished decision, the Sixth Circuit Court of Appeals criticized the Commissioner for failing to detail the effects of the plaintiff's obesity citing SSR 02-1p.[2] Therefore, the undersigned concludes that a remand of the action is required in order for the ALJ to evaluate Slaven's obesity under the criteria indicated in SSR 02-1p.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for reconsideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 3rd day of October, 2007.



Signed By:

*G. Wix Unthank*

**United States Senior Judge**

---

[2] See <u>Kennedy v. Astrue</u>, No. 6582 (September 7, 2007).

10